Filed 2/2/16  Wallerstein v. City of Beverly hills CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| LAUREN CASEY WALLERSTEIN, | B259508 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC410866) |
| v. | |
| CITY OF BEVERLY HILLS et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Bobbi Tillmon, Judge.  Affirmed.

Law Offices of Brian J. Ward and Brian J. Ward for Plaintiff and Appellant.

Long & Delis, John A. Delis and Warren B. Campbell for Defendants and Respondents.

_____

Lauren Casey Wallerstein appeals from the trial court's denial of her motion for partial judgment notwithstanding the verdict (JNOV). A jury found that the City of Beverly Hills and Williams Pipeline Contractors, Inc. were not negligent, and the property was not in a dangerous condition, regarding the roadway where Wallerstein fell off her bicycle in 2008 and broke her wrist. The trial court properly denied the motion, and we affirm.

"'A motion for JNOV may be granted only when there is no substantial evidence to support the verdict, viewing the evidence in the light most favorable to the party securing the verdict. [Citation.] "If there is any substantial evidence, or reasonable inferences to be drawn therefrom, in support of the verdict, the motion should be denied." [Citations.] The court resolves all conflicts in the evidence and draws all reasonable inferences in favor of the verdict. [Citation.] "As in the trial court, the standard of review is whether any substantial evidence—contradicted or uncontradicted—supports the jury's conclusion."'" (*Hartt v. County of Los Angeles* (2011) 197 Cal.App.4th 1391, 1401–1402.)

Wallerstein contends there was no substantial evidence to support the jury's conclusions. Her brief cites only evidence that supports her argument at trial that respondents were negligent, and a dangerous condition existed, when after replacing a water main on Summit Drive, respondents laid base paving that had compacted to 1 1/4 to 1 1/2 inches below the adjacent street surface at the time Wallerstein fell off her bike. By failing to include an objectively complete account of the facts at trial, rather than only the testimony favorable to her, Wallerstein has forfeited any claim of error. "'An appellant asserting lack of substantial evidence must fairly state all the evidence, not just the evidence favorable to the appellant. [Citation.] . . . and affirmatively demonstrate its insufficiency to sustain the challenged finding." [Citations.] A failure to state all material evidence may be deemed a waiver of the argument that the evidence was insufficient.'" (*Hartt v. County of Los Angeles*, *supra*, 197 Cal.App.4th at p. 1402.)

As respondents point out (with appropriate citation to the record), four witnesses who oversaw the repair and/or worked on the roadway testified at trial that they made

2

sure the paving work was performed safely and in accordance with industry custom and practice. An accident reconstruction expert testified that a differential of 1 1/2 inch was not a dangerous condition. The foreman on the job testified that there was appropriate signage at the work site.

Wallerstein relied on a 2006 "Work Area Traffic Control Handbook" (WATCH manual) published by the American Public Works Association, which states as to temporary traffic lanes that pavement surface disruptions of one-half inch or over "may create an operating problem for . . . bicycles." The WATCH manual states: "Nothing contained in this handbook is intended to establish or create a legal standard of conduct or duty toward the public." Further, witnesses testified that Summit Drive was not a temporary traffic lane, and the WATCH manual was a reference book rather than a rule book.

Wallerstein had the duty to include this material evidence and more in arguing that there was no substantial evidence to support the verdict, but instead cited only to evidence favorable to her. Considering the evidence as a whole, we conclude that substantial evidence supported the trial court's denial of the motion for JNOV.

## DISPOSITION

The order is affirmed. Costs are awarded to the City of Beverly Hills and Williams Pipeline Contractors, Inc.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, P. J.


LUI, J.


3